UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60383-BLOOM/White

ERIC LUCAS,

    Petitioner,

v.

JULIE JONES,
Secretary, Department of Corrections,

    Respondent.
_____/

# ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Petitioner's Motion for Reconsideration of Order Adopting Magistrate's Report Recommending Denial of Request for Stay and Abeyance, ECF No. [28] ("Motion"). In his Motion, Plaintiff argues that the Court erred in ruling no *Brady* violation occurred when the Respondent filed its Response to the Order to Show Cause including the deposition testimony of Petitioner's alibi witness, Alisa Catoggio. ECF No. [27] ("Order"). The Court has carefully reviewed the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition

includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted).

On reconsideration, Petitioner requests that the Court reconsider its finding that Respondent had no obligation to produce Ms. Catoggio's deposition to Petitioner because Petitioner's then-attorney knew that Ms. Catoggio's deposition was scheduled and the deposition was made publically available in Petitioner's trial court docket five months before trial. Petitioner argues that the case history provided to him as part of the official record of his appeal did not include an entry for Ms. Catoggio's deposition. Therefore, even exercising reasonable diligence, Petitioner could not have obtained the deposition. Additionally, Petitioner contends that his counsel's awareness of the taking of Ms. Catoggio's deposition does not necessarily entail that Petitioner himself was aware of the deposition. Upon review, Petitioner's Motion fails.

First, Petitioner fails to address any of the three potential grounds justifying reconsideration, arguing simply that the Court erred. Therefore, Petitioner fails to set forth any

ground warranting reconsideration. Second, the case law compels the conclusion that documents available online on a public records website that a defendant can obtain with an exercise of reasonable diligence are not subject to a *Brady* violation. *See* ECF No. [27] at 4 (collecting cases). Here, the state court docket states that Ms. Catoggio's deposition, taken on August 22, 2008, was filed with the court on March 4, 2009, exactly 5 months prior to the commencement of trial. Additionally, Petitioner admits that his then-counsel knew that Ms. Catoggio's deposition was scheduled.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [28]**, is denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of December, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record