# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60383-BLOOM/Reid

ERIC LUCAS,

    Petitioner,

v.

MARK S. INCH,

    Respondent.
_____/

# ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendations of the Honorable Lisette M. Reid. ECF No. [36] ("Report"). On July 23, 2019, Judge Reid issued the Report recommending that the Petition for Habeas Corpus Relief, ECF No. [10] ("Petition"),[1] be denied on the merits, final judgment be entered in favor of Respondent, and that a certificate of appealability be denied and the case be closed. ECF No. [36] at 60. The Report advised that any objections to the Report's findings were due within fourteen days of receipt of the Report. *Id.*

Plaintiff has timely filed objections to the Report. ECF No. [39] ("Objections"). This Court has conducted a *de novo* review of the portions of the Report to which Petitioner has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error, and finds that the Objections are without merit and are therefore overruled. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d

---

[1] The Report notes that, although Petitioner was granted leave to file an amended complaint, *see* ECF Nos. [10], [11], & [12], this "amended complaint did not change the substantive claims and facts raised in the initial petition." ECF No. [36] at 2 n.1. As such, the Report uses the initial petition, ECF No. [1], as the operative petition. *Id.* For consistency, this Court does as well.

1093, 1095 (11th Cir. 1983)). The Court first notes that most of Petitioner's Objections are improper, as they are either further expansions of arguments originally raised in the Petition and considered by the Magistrate Judge or are merely disagreements with the Report's findings. These objections include:

1. Petitioner's Objection to the Report's finding that an evidentiary hearing was unwarranted. ECF No. [39] at 2-3.

2. Petitioner's objection to the Report's finding that Claim One is without merit. *Id.* at 4-23.

3. Petitioner's objection to the Report's finding that Claim Two is without merit. *Id.* at 24-25.

4. Petitioner's objection to the Report's finding that Claim Three is without merit. *Id.* at 25-27.

5. Petitioner's objection to the Report's finding that Claim Four is without merit. *Id.* at 27-33.

6. Petitioner's objection to the Report's finding that Claim Five is without merit. *Id.* at 33-34.

7. Petitioner's objection to the Report's finding that Claim Six is without merit. *Id.* at 27-33.

8. Petitioner's objection to the Report's finding that Claim Seven is without merit. *Id.* at 34-43.

9. Petitioner's objection to the Report's finding that Claim Eight is without merit. *Id.* at 43-52.

10. Petitioner's objection to the Report's finding that Claim Nine is without merit. *Id.* at 34-43.

Upon review, these objections merely expand upon and reframe arguments already made and considered by the Magistrate Judge in her Report, or simply disagree with the Report's conclusions. "It is improper for an objecting party to . . . submit [] papers to a district court which

are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendations]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Nevertheless, these objections have been considered and are overruled.

Petitioner also objects to the Report's recommendation that Claim One, alleging that the trial court erred in admitting hearsay evidence under the excited utterance exception, be denied as meritless. Petitioner argues that the Report based its analysis on the doctrine of forfeiture by wrongdoing, which is not recognized under Florida law. ECF No. [39] at 4-23. In the Report, however, Judge Reid specifically finds that, although the admission of the hearsay evidence in question does not violate the federally recognized forfeiture by wrongdoing doctrine, "even if the forfeiture doctrine did not apply to [the admitted hearsay] statements, the testimony still would have been properly admitted" under the excited utterance exception to the hearsay rule. ECF No. [36] at 27-28. Thus, while this Court disagrees that the Report applied the incorrect standard in evaluating Claim One, it is evident that this Claim was not evaluated solely under the doctrine of forfeiture by wrongdoing. Petitioner's objection is without merit and is overruled.

Similarly, Petitioner objects to the Report's recommendation that Claim Two, regarding improper prosecutorial comments, should be denied. Petitioner argues that this Claim was reviewed under an improper standard of review for prosecutorial misconduct. ECF No. [39] at 24. Specifically, Petitioner takes issue with the Report's statement that the trial court instructed the jury that counsels' opening and closing statements were not evidence and that they should only

consider evidence presented at trial in rendering their verdict. *Id.* This statement, however, is not reflective of the standard of review that the Report employed in making its recommendation. Instead, the Report correctly set forth the relevant standard for prosecutorial misconduct:

> The standard for federal habeas corpus review of a claim of prosecutorial misconduct is whether the alleged actions rendered the entire trial fundamentally unfair. *Donnelly v. DeChristoforo*, 416 U.S. 637, 642-45 (1974); *Hall v. Wainwright*, 733 F.2d 766, 733 (11th Cir. 1984). In assessing whether the fundamental fairness of the trial has been compromised, the totality of the circumstances are to be considered in the context of the entire trial, *Davis v. Zant*, 36 F.3d 1538, 1551 (11th Cir. 1983). "Such a determination depends on whether there is a reasonable probability that, in the absence of the improper remarks, the outcome of the trial would have been different." *Williams v. Weldon*, 826 F.2d 1018, 1023 (11th Cir. 1988).

ECF No. [36] at 29-30. Thus, Judge Reid applied the correct standard of review and Petitioner's objection is overruled.

Petitioner also objects to the Report's recommendation to deny Claim Six, which alleges that Petitioner's counsel was ineffective for failing to object to a police officer's identification of Petitioner's voice, resulting in the admission of Petitioner's prejudicial prison calls, because the State failed to establish the identity of the speaker on the call. ECF No. [39] at 27-33. In particular, Petitioner argues that police officers may not testify on issues of voice identification when they do so in their official capacity "because it leads the jury to believe that the witness is more credible because they are a police officer." *Id.* at 27.[2] The Report, however, correctly states the general rule

---

[2] The cases Petitioner cites in support of his argument are inapposite because they all involved law enforcement officer testimony that either improperly asserted opinions as to defendants' identities without any personal knowledge or implicated defendants' prior criminal history. *See Evans v. State*, 177 So. 3d 1219 (Fla. 2015), *receded from in*, *Johnson v. State*, 252 So. 2d 1114, 1118 (Fla. 2018); *Day v. State*, 105 So. 3d 1284 (Fla. 2d DCA 2013) (police identification testimony clearly implicated defendant's prior criminal history); *Charles v. State*, 79 So. 3d 233 (Fla. 4th DCA 2012) (officer's identity testimony, not based on any personal knowledge, invaded the fact-finding province of the jury); *State v. Cordia*, 564 So. 2d 601 (Fla. 2d DCA 1990) (approving police's identification testimony based on personal knowledge); *Hardie v. State*, 513 So. 2d 791 (Fla. 4th DCA 1987) (same). These cases are not applicable where, as here, the officer identified Petitioner's voice on prison calls based on his familiarity with Petitioner's voice from their prior interactions during the officer's investigation in the instant case. *See Johnson*, 252 So. 3d at 1117

regarding voice identification: "Florida courts have consistently allowed law enforcement officers to identify the voice of a defendant where the officer has gained familiarity with the voice," when that familiarity was acquired through interactions with a defendant during an ongoing criminal investigation. ECF No. [36] at 42 (quoting *Johnson*, 252 So. 2d at 1118). Moreover, the officer's challenged identification testimony corroborated testimony from the prison's Detention Communications Coordinator, who detailed the number of prison calls made to Lauren Glushko — Petitioner's girlfriend — using Petitioner's account. *Id.* Therefore, Petitioner's objection is without merit and is overruled.

Petitioner further objects to the Report's finding that he failed to demonstrate the existence of any factual disputes that would warrant an evidentiary hearing. ECF No. [39] at 51-52. This is an objection to the Report's ultimate conclusion and Petitioner has failed to identify any factual disputes in existence. Thus, the objection is improper and must be overruled.

Lastly, Petitioner objects to the Magistrate Judge's conclusion that Petitioner is not entitled to a certificate of appealability. *Id.* at 52-53. Because the Court agrees with Judge Reid's analysis and conclusions, and further determines that all of Petitioner's objections are without merit, the Court agrees that a certificate of appealability should not be issued. Petitioner's final objection is, therefore, also overruled.

The Court has conducted a *de novo* review of Judge Reid's Report, the record, the applicable law, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review of the record and the Report, the Court finds Judge Reid's Report to be well reasoned and correct. The Court agrees with the analysis in

---

("When a witness is previously familiar with a defendant, they are permitted to identify the voice of the defendant as a lay witness.").

Judge Reid's Report and concludes that Plaintiff's Petition must be dismissed for the reasons explained therein. The Court further concludes that an evidentiary hearing is not necessary to resolve the Petitioner's constitutional claims.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Reid's Report and Recommendations, **ECF No. [36]**, is **ADOPTED**.
2. Petitioner's Objections, **ECF No. [39]**, are **OVERRULED**.
3. Final Judgment is entered in favor of Respondent.
4. The Petition for Habeas Corpus Relief, **ECF No. [1]**, and the corresponding Amended Petition for Habeas Corpus Relief, **ECF No. [10]**, are **DENIED**. No Certificate of Appealability shall be issued.
5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.
6. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 8, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Lisette Reid

Counsel of record

Eric Lucas
Okeechobee Correctional Institution
Inmate Mail/Parcels

3420 NE 168th Street
Okeechobee, FL 34972